FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION – IN ADMIRALTY

CIVIL ACTION NO. 4:21-Cv-00068-FL

In the Matter of:

DEBORAH W. ANDREWS, Executor of the ESTATE OF GEORGE H. ANDREWS (Deceased), Owner of a 2020 35' +/- Scout 355 LXF, HIN # SLPVT596G920, NC Registration # NC-4565EP, her engines, tackle, apparel, appurtenances, etc.

For Exoneration from
or Limitation of Liability

**ORDER**

Upon Joint Motion of the Parties to Allow Testing of Vessel Electronic Equipment and SeaKeeper, and for good cause shown,

IT IS ORDERED that the Parties may proceed with Testing of the Electronic Equipment and SeaKeeper pursuant to the stipulated Testing Protocol conducted jointly on behalf of the Parties as proposed in the Parties' Stipulation and Joint Motion (DE #  ):

1.    The Parties shall furnish a fully executed copy of the Stipulation and Joint Motion, and this Order to Expert Corey McMahon of Triton Marine Services ("Expert") and the United States Coast Guard..

2.    The Parties agree that the Expert shall perform the  testing of the following "Electronic Equipment":

      a.  SIMRAD GPS S/N 119333474

      b.  GARMIN GPSMAP 8616XSV S/N 5T5002712

     c.  GARMIN GPSMAP 8612XSV S/N 5T1005227

     d.  GARMIN GPSMAP 8612XSV S/N 5T1005226

     e.  SANDISK EDGE 8GB MEMORY CARD S/N 8452ZTJEE13N

     f.  SANDISK EDGE 8GB MEMORY CARD S/N 9243DTEFY10A

     g.  SANDISK EDGE 8GB MEMORY CARD S/N 9243DTEFY10B

     h.  SANDISK EDGE 8GB MEMORY CARD S/N 9243DTECG0P7

     i.  An approximate 5" by 3.5" black display unit with label reading 70934, 30298-4 156/19

3.    The Parties agree that the Expert shall examine the SeaKeeper on the vessel, a 2020 35' +/- Scout 355 LXF, HIN # SLPVT596G920, NC Registration # NC-4565EP and extract any and all digital forensic information contained in the SeaKeeper. If necessary, the Expert may remove electronic components from the SeaKeeper.

4.    The Expert shall retain any components removed from the SeaKeeper in his custody at Triton Marine until such time as the testing occurs.

5.    The Expert will maintain in the Expert's custody all components of any equipment on which the Expert conducts destructive testing,

6.    The Expert will maintain all equipment that has been provided to the Expert until such time as counsel for all parties advise the Expert of the appropriate disposition of the equipment.

7. The testing of the Electronic Equipment shall occur at Triton Marine Services, 1050 Sensation Weigh, Beaufort, NC 28516; 252-728-9958 under the following conditions:

a. **Notice.** The Expert shall in writing inform the Parties and the USCG of the date(s) and location of the testing at least fifteen (15) business days in advance of the testing of the Electronic Equipment according to Fed. R. Civ. P. 34. No additional Notice of Inspection pursuant to Fed. R. Civ. P. 34 will be required except that notice of the Expert.

b. **Video.** The Testing shall be videotaped by, or caused to be videotaped by, the Expert.

c. **Attendance.** The Parties and the USCG are invited and encouraged to attend the Destructive Testing.

    i. If a Party or the USCG intends to attend the Testing, no later than seven (7) days before the testing.

    ii. the Party or USCG wishing to attend shall provide the Expert and the Parties with the identity of all persons who will be present on their behalf and the number and type of electronic recording devices their representative intends to use during the testing and events that occur at the testing.

d. **Cost of Testing.** The Parties will equally bear the costs of the testing, including the videotaping of the testing by the Expert. There will be no charge to the USCG for the testing or attendance of the testing.

e. **<u>Results of Testing.</u>** Within ten (10) days of the Destructive Testing, the Electronic Equipment Expert shall deliver the following to the Parties:

    i. Video of the Destructive Testing

    ii. Report of the Destructive Testing, including unprocessed collection of numbers and characters that will later be used, measured, and/or analyzed, graphs, plots, outputs of measuring devices, spectra, interpretations thereof, images, films, video and/or digital video created by the Expert as part of the testing process.

8. It is specifically understood and agreed by the Parties that the proposed testing may lead to the irreparable damage to one or all of the Electronic Equipment and SeaKeeper. It is the intent of this Stipulation to specifically waive any Party's claim of spoliation of evidence due to the testing, including engagement of the Expert and his work, as well as the protocols established herein.

9. This Order is not intended to and does not create or modify any standard for admissibility of evidence.

10. This Order is not intended to waive or alter any objections, rights, or privileges under the Federal Rules of Civil Procedure and Federal Rules of Evidence, except as stated in Paragraph 8 above.

Pursuant to the stipulation of the Parties,

IT IS SO ORDERED this the 23rd day of March 2022.

LOUISE W. FLANAGAN
United States District Judge